UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| ELIZABETH SMITH, | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | CIVIL NO. 2:16-CV-161-DBH |
| | ) | |
| ROBERT P. SMITH AND CYNTHIA W. SMITH, | ) ) | |
| | ) | |
| DEFENDANTS | ) | |
| | ) | |
| ELIZABETH SMITH, | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | CIVIL NO. 2:16-CV-164-DBH |
| | ) | |
| HUNTINGTON COMMON, | ) | |
| | ) | |
| DEFENDANT | ) | |

**ORDER ON REQUESTS FOR EMERGENCY INJUNCTIONS**

These two cases appear to arise out of a family conflict over the care and assets of an elderly, ailing, widowed mother. The plaintiff, who is proceeding pro se, is one of her daughters. She has filed two handwritten complaints, one against two of her siblings (one brother and one sister), and another against the "assisted living, nursing place" where her mother resides. The two complaints and their respective attachments are identical, as far as I can discern. Although it is difficult to decipher all that she has written, she appears to assert that the facility is mistreating her mother in a variety of ways and that her mother wants

to be released to live with her. She also appears to assert that her siblings are improperly selling or destroying assets that belong to her mother and/or to her. The plaintiff says that she herself suffers from multiple disabilities and dyslexia, including difficulties in writing, severe struggles with language processes, some difficulty with communication, high distractibility, and mobility issues. In each case she has filed a "Request for Emergency Injunctions/Order & Relief from Abuse, Neglect, etc." (ECF No. 3.) She asks "to Waive Service of Process due to Immediacy & Urgency and Safety etc.," ECF No. 3-1, and, asserting difficulties with writing and language processes, asks to appear in court in person, "waiving some of the writing process" "for an immediate Injunction and relief from abuse, neglect, etc.," ECF No. 3. She sounds frightened and frantic.

  She asserts subject matter jurisdiction based upon diversity of citizenship and raises many constitutional claims under both the United States and Maine Constitutions. It is not yet apparent that there is diversity of citizenship (she says that she and/or her mother have homes in Maine, Vermont, and Florida), and it is unclear how she has constitutional claims since her claims are against private parties, not against the state or federal government. Moreover, it is unclear from what she has presented whether she has standing to assert claims of abuse and neglect on behalf of her mother. It is also unclear that the plaintiff has any claims for discrimination against herself under federal or state statutes.

  What is before me now for judicial action is her "Request for Emergency Injunctions/Order & Relief from Abuse, Neglect, etc." in both cases, *i.e.*, against both her siblings and the facility. I have no authority to grant such relief on

2

what she has presented. Under Federal Rule of Civil Procedure 65(b)(1), a federal court may grant injunctive relief without notice to an adverse party only if the plaintiff "certifies in writing any efforts made to give notice [to opposing parties] and the reasons why it should not be required," as well as "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A), (B). The plaintiff has not done so. So even if she is somehow able to proceed without serving process, able to demonstrate that this court has subject matter jurisdiction over her claims, and able to demonstrate that she can sue on behalf of her mother, the request for emergency relief still requires her to certify *in writing* that she at least attempted to give notice to her siblings and the facility of her request for injunctive relief *and* explain to the court why notice should not be required. The rule is clearly designed to allow the defendants to present their side of the story to the court, if at all feasible, before any emergency relief issues. See 11-A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2952 (3d ed. 2013). The plaintiff asks to meet with me in person, but federal judges cannot meet with a party *ex parte* (*i.e.*, in the absence of opposing parties) except in very limited circumstances, and those circumstances are not present here.

      Accordingly, at this time I must **DENY** the plaintiff's "Request for Emergency Injunctions/Order & Relief from Abuse, Neglect, etc." in both cases. The plaintiff's and her mother's plight as she describes it is serious. But she

faces substantial legal hurdles in pursuing her two cases in federal court. I point out to her, therefore, that in Maine there are legal aid services that could potentially assist her—at the very least to explain the various procedural obstacles. The plaintiff could consult with the following entities:

- Disability Rights Maine website: http://www.drme.org
  Phone: 1-800-452-1948;

- Legal Services for the Elderly website: http://www.mainelse.org
  Phone: 1-800-750-5353;

- Pine Tree Legal Assistance website: http://www.ptla.org
  Phone: 1-207-774-8211;

I also note that there is a website that lists Maine state officials to whom allegations of nursing home abuse or neglect can be reported. http://www.nursinghomepatientrights.com/Maine_Nursing_Home_Abuse_Assistance.htm.

**SO ORDERED.**

**DATED THIS 15TH DAY OF MARCH, 2016**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**